## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUAN HERRERA, #39995-037 | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-16-3540 |
| | | (Related Crim. Case PJM-08-0051) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

On February 23, 2009, Juan Herrera was sentenced on one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Criminal judgment was entered on February 24, 2009. *See United States v. Herrera,* Criminal No. PJM-08-0051 (D. Md.) at ECF 138. No appeal was filed. The one-year statute of limitations set forth in 28 U.S.C. § 2255(d)(1) began to run on the date the time for direct appeal expired. *See Clay v. United States*, 537 U.S. 522, 524-27 (2003); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Herrera's one-year limitations period for filing a timely Motion to Vacate expired in March of 2010.

On October 5, 2015, this Court granted Herrera's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2), pursuant to the retroactive application of Amendment 782 to the United States Sentencing Commission ("Commission") guidelines. ECF 225.

On October 24, 2016, Herrera filed a self-represented Motion to Vacate pursuant to 28 U.S.C. § 2255, dated October 4, 2016, raising a claim that he is entitled to a further sentence reduction based on his minimal role in the crime. He bases his claim on the newly amended "clarification" of § 3B1.2 of the United States Sentencing Guidelines ("U.S.S.G.") Manual (Amendment 794), and contends that his §

2255 is now timely filed under § 2255(f)(3).  ECF 233.  For reasons set forth herein, the Court finds that Herrera's argument in favor of statutory tolling fails.

Section 2255(f)(3) provides that the one-year limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  On November 1, 2015, the United States Sentencing Commission ("Commission") issued Amendment 794 to the commentary in U.S.S.G. § 3B1.2, based on its finding that minor role reductions were "applied inconsistently and more sparingly that the Commission intended.  *United States v. Quintero-Leyva,* 823 F.3d 519, 521 (9th Cir. 2016).  Because the Amendment was made retroactive by the Commission (and not the Supreme Court), it applies retroactively only on direct appeal.  *Id.* at 523-24; *see also Fakhoury v. United States,* 2016 WL 4939226, *2 (D. Md. 2016).  Further, Amendment 794 is not among the listed Guideline Amendments that the Commission has made retroactively applicable to defendants on collateral review.  *See United States v. Hunley,* 2016 WL 4523417, *1-2 (W. D. Va. 2016).

In addition to the above analysis, a Certificate of Appealability ("COA") must be considered.  Unless a COA is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  In *Slack v. McDaniel,* 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should issue when the prisoner shows, at least, that … jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack,* 529 U.S. at 483.  Herrera does not satisfy this standard, and the Court declines to issue a COA.  The denial of a COA does not preclude Herrera from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

The Motion to Vacate shall be dismissed.  A separate Order follows.


_____/s/_____
PETER J. MESSITTE
November 1, 2016                                                   UNITED STATES DISTRICT JUDGE